IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

BERTHA N. ROMERO

      Plaintiff(s),

v.

ALLSTATE FIRE & CASUALTY INSURANCE COMPANY

      Defendant(s).

## NOTICE OF REMOVAL

The defendant, Allstate Fire & Casualty Insurance Company, through their attorneys, Walberg, Tucker, Holmes & Wittebort, P.C., pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby submits the following Notice of Removal to the United States District Court for the District of Colorado.  In support thereof, Allstate states as follows:

1. On May 8, 2014, the Colorado Commissioner of Insurance, as registered agent for Allstate, was served with Plaintiff's Complaint filed in the District Court, Adams County, State of Colorado, captioned, *Bertha N. Romero v. Allstate Fire & Casualty Company*, Case No. 2014CV30882. (See, *Complaint*, attached hereto as **Exhibit A**.)

2. Plaintiff, Bertha N. Romero (hereinafter "Romero"), filed her Complaint in Adams County District Court on or about May 7, 2014.

3. At all relevant times, Romero was a citizen of the State of Colorado. (See **Exhibit A**, ¶ 1.)

-1-

4. A copy of the Summons and Civil Case Cover Sheet served on Allstate are attached hereto as **Exhibit B** and **Exhibit C**.

5. At all relevant times, Allstate was a foreign corporation, incorporated in, and with its principal place of business in the State of Illinois.  Allstate is now and was at all relevant times a citizen of the State of Illinois for purposes of diversity jurisdiction.

6. The underlying event for this case is a motor vehicle accident involving Romero on November 28, 2011.  (See **Exhibit A, ¶¶** 5; hereinafter "the Accident").  Romero alleges Frieda H. Dishroon, the driver-at-fault, operated her vehicle in a negligent manner, and caused the Accident, which occurred on at or near the intersection of East Colfax Ave. and North Sable Blvd in Aurora, Adams County, Colorado.  (See **Exhibit A, ¶¶** 5-6.)

7. Romero claims she is entitled to be compensated by Defendant for all damages she has incurred, including, but not limited to, reasonable and necessary medical expenses, pain, suffering, loss of enjoyment of life, loss of earnings, and earning capacity, permanent disfigurement, and/or impairment and/or disability, under the underinsured motorist coverage of the policy (See, **Exhibit A**, ¶ 14.)

8. When the complaint itself does not set forth the amount of damages, the defendant must establish the amount in controversy by a preponderance of the evidence.  *WBS Connect, LLC v. One Step Consulting, Inc*. L 4268971, 2 -3 (D.Colo. 2007).  Defendants must set forth in the notice of removal the underlying facts that demonstrate that the amount in controversy is greater than $75,000.  *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995).

9. Besides the Complaint, there is other documentation a defendant may rely on for the

basis of jurisdiction. *McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008). A plaintiff's proposed settlement demand is reasonable evidence of the amount in controversy if it reflects a reasonable estimate of plaintiff's claim. *Id.* While the use of a settlement demand at trial is impermissible, the court may consider such a demand when deciding this jurisdictional question. *Id.*

10. On July 13, 2013, Romero submitted a demand letter to Allstate. In that letter, she indicated past medical bills of $40,858.17, future medical treatment of approximately $5,000, $101.43 in mileage, and $873.60 in lost wages. (See, **Exhibit D**, Demand Letter, pp. 4-5.)

11. In her Complaint, in addition to her claimed injuries and damages set forth above, Romero also seeks attorney fees and two times the covered benefits, along with costs and interest pursuant to C.R.S. § 10-3-1116(3). (See, Exhibit A, ¶ 18.) In her initial disclosures, Plaintiff claims she has suffered over $40,000 in medical bills in addition to her economic and non-economic damages set forth above. (See, **Exhibit G**, Plaintiff's PPR 3.1 Initial Disclosures)

12. At the time of the accident, Allstate insured Plaintiff under an automobile liability policy that included UM/UIM benefits in the amount of $25,000 per person/$50,000 per accident. (See, **Exhibit E,** Declaration Pages for Policy #9 64 293733 08/11.)

13. Pursuant to the recent Colorado Court of Appeals case, *Hansen v. American Family Mut. Ins. Co.*, 2013WL6673066, (Colo.App. 2013) (**Exhibit F**.), if she proves her damages are equal to or exceed her $25,000 policy limits, and those benefits were unreasonably delayed and denied, she is entitled to collect her $25,000 policy limits, plus two times the

covered benefit, or an additional $50,000.  Plaintiff's claim for statutory bad faith meets the jurisdiction threshold on its own.

14. Attorney's fees may be used in calculating the necessary jurisdiction amount in a removal proceeding when recovery is permitted by statute.  *See, Jones v. American Bankers Ins. Co. of Florida*, 2011 WL 2493748, *4 (D.Colo. 2011).

15. Based on the foregoing, this action involves an amount in controversy exceeding $75,000.

16. Plaintiff's Civil Case Cover Sheet also indicates her claim seeks a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs. (See, **Exhibit C**, District Court Civil Case Cover Sheet.) Even though the Civil Cover Sheet is not sufficient on its own to support jurisdiction, it is probative evidence regarding the amount in controversy. *See Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208, 1215 (D. Colo. 2007) (concluding that reliance "solely on the Civil Cover Sheet as a demonstration of the amount in controversy is not permissible").

17. Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendants) will be less than the jurisdictional floor, may the case be dismissed. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)).

18. Pursuant to 28 U.S.C. § 1332, this Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest, and is between citizens of different states."

19. Further, 28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the state where it has its principal place of business . . . ."

20. Jurisdiction of this Court is properly based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

21. Since Romero's Complaint was served on May 8, 2014, the time period for allowance of removal has not expired.

**WHEREFORE**, Defendant requests that the above-entitled action be removed from the Adams District Court to the United States District Court of Colorado.

DATED:  May 30, 2014

Respectfully submitted,

By: *s/ Nicole L. King*
Jeffrey S. Wittebort
Nicole L. King
WALBERG, TUCKER, HOLMES & WITTEBORT, P.C.
Quebec Centre II, Suite 300
7400 East Caley Avenue
Centennial, CO  80111-6714
Phone:  (303) 694-9300
Fax:  (303) 694-9370
E-mail: jsw@wthwlaw.com / nlk@wthwlaw.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2014, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Patricia A. Meester, Esq.
Patrick C. Delaney, Esq.
Franklin D. Azar & Associates, P.C.
14426 E. Evans Avenue
Aurora, CO 80014

*The duly signed original held in the file located at Walberg, Tucker, Holmes & Wittebort, P.C.*

*/s/ Kristina Johnson*
Kristina Johnson