| | |
|---|---|
| DISTRICT COURT, ADAMS COUNTY, COLORADO<br><br>Court address: Adams County Justice Center<br>1100 Judicial Center Drive<br>Brighton, CO 80601 | |
| Plaintiff:   Bertha N. Romero<br><br>v.<br><br>Defendant: Allstate Fire & Casualty Insurance Company | ▲ COURT USE ONLY ▲ |
| Attorneys for Plaintiff:<br>Patricia A. Meester, Esq., Atty Reg. # 29523<br>Patrick C. Delaney, Esq. Atty Reg. # 46604<br>FRANKLIN D. AZAR & ASSOCIATES, P.C.<br>14426 E Evans Avenue<br>Aurora CO 80014<br>Phone Number: (303) 757-3300<br>Fax Number:   (303) 759-5203<br>E-Mail:        meesterp@fdazar.com<br>               delaneyp@fdazar.com | Case Number: 2014CV030882<br><br>Division: |
| **COMPLAINT** ||

Bertha N. Romero, (hereinafter "Plaintiff"), by and through the undersigned counsel, for her Complaint for damages, states and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.   At all times relevant to this lawsuit, Plaintiff is an individual and resident of the State of Colorado.

2.   Upon information and belief, at all times relevant hereto, Defendant Allstate Fire & Casualty Insurance Company (hereinafter "Defendant") was and is a corporation doing business in the State of Colorado, including within Adams County, whose agent for service is The Division of Insurance, 1560 Broadway, Suite 800, Denver CO 80202.

3.   Venue is proper in this action pursuant to C.R.C.P. 98 (c)

4.      Jurisdiction is proper in this Court pursuant to C.R.S. § 13-1-124.

## GENERAL ALLEGATIONS

5.      On November 28, 2011, Plaintiff was involved in a two vehicle collision at or near the intersection of East Colfax Avenue and North Sable Boulevard in Aurora, Adams County, Colorado. The accident was caused by the negligence of an underinsured motorist.

6.      At the time of the accident, Plaintiff struck by a vehicle owned and operated by Frieda H. Dishroon.

7.      Frieda H. Dishroon operated her vehicle in a negligent manner, causing the accident.

8.      At the time of the subject collision, Plaintiff was an underinsured motorist within the meaning of the policy of insurance with Defendant.

## FIRST CLAIM FOR RELIEF
*(Breach of Contract against Defendant Allstate Fire & Casualty Insurance Company)*

9.      Plaintiff incorporates all prior allegations as though fully set forth herein.

10.     Sometime prior to the accident, Plaintiff entered into a contract with Defendant for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving uninsured and underinsured motorists. At all times pertinent to the above-referenced action, all the premiums as required under the contract for insurance were paid to Defendant.

11.     Plaintiff has advised Defendant of a claim for underinsured motorist benefits for this incident under its policy of insurance, and has otherwise fully cooperated with Defendant in connection with the claim.

12.     Plaintiff is the insured and/or the intended beneficiary of Defendant Allstate Fire & Casualty Insurance Company's policy/contract, and is therefore entitled to enforce its terms.

13.     Plaintiff has made demands upon Defendant, and Defendant has refused to pay Plaintiff amounts due to her under the underinsured motorist coverage provision of its policy; therefore, Defendant has breached its contract of insurance.

14.     Plaintiff is entitled to be compensated by Defendant for all damages she has incurred, including, but not limited to, reasonable and necessary medical expenses, pain, suffering, loss of enjoyment of life, loss of earnings, and earning capacity, permanent disfigurement, and/or impairment and/or disability, under the underinsured motorist coverage of the policy.

## SECOND CLAIM FOR RELIEF
*(First Party Statutory Claim Under C.R.S. Section 10-3-1116 against Defendant)*

15. Plaintiff incorporates all prior allegations as though fully set forth herein.

16. Defendant denied and delayed payment of underinsured motorist benefits to Plaintiff without reasonable basis for its action.

17. Defendant's unreasonable position and conduct has caused Plaintiff damage by the loss of the compensation that is due to her, and which Defendant should have previously paid to her.

18. In accordance with C.R.S. Section 10-3-1116, Plaintiff is entitled to recover from Defendant two times the covered underinsured motorist benefits, plus reasonable attorney's fees and court costs.

## THIRD CLAIM FOR RELIEF
*(Bad Faith against Defendant Allstate Fire & Casualty Insurance Company)*

19. Plaintiff incorporates all prior allegations as though fully set forth herein.

20. Defendant owed Plaintiff a duty to act in good faith in reviewing, adjusting and settling her claims.

21. Defendant breached its duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

   (a) compelling this Plaintiff to institute litigation to recover amounts due to her under the uninsured motorist bodily injury liability benefits afforded Plaintiff under the insurance policy;
   (b) favoring the interests of Defendant, an insurer, over those of Plaintiff, the insured, to whom Defendant owes fiduciary and statutory duties;
   (c) failing or delaying payment of reasonable compensation for the injuries, damages, and losses Plaintiff suffered at the hands of an uninsured motorist;
   (d) failing to evaluate, refusing to evaluate and/or or incompetently evaluating Plaintiff's claim.

22. Defendant's actions are unreasonable.

23. Defendant knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

24. As a direct result of Defendant's breach of its duties to its insured, Plaintiff has been damaged including, but not necessarily limited to:

a. being forced to incur additional costs in litigation;
b. enduring the emotional trauma of being unnecessarily involved in a lawsuit with Defendant; and
c. being deprived of the use of funds.

WHEREFORE, Plaintiff prays for judgment against Defendant for all general damages, economic damages, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiff's claims, attorney fees and interest from the time of the occurrence, post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

## JURY DEMAND

**PLAINTIFF REQUESTS TRIAL TO A JURY OF SIX (6) PERSONS ON ALL ISSUES SO TRIABLE.**

Respectfully submitted: May 7, 2014.

**FRANKLIN D. AZAR & ASSOCIATES, P.C.**
*Pursuant to C.R.C.P. 121 § 1-29(9), original is duly signed and on file at the office of Franklin D. Azar & Associates, P.C., and will be made available for inspection by other parties of the Court upon request.*

/s/   *Patricia A. Meester*
Patricia A. Meester, # 29523
ATTORNEY FOR PLAINTIFF

Plaintiff's address:
14701 E Colfax, Lot D85
Aurora CO 80011