--

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No:  1:14-cv-01522-BNB

BERTHA N. ROMERO

     Plaintiff(s),

v.

ALLSTATE FIRE & CASUALTY INSURANCE COMPANY

     Defendant(s).

## PROTECTIVE ORDER

Pursuant to the stipulation of the parties and in accordance with the provisions of F.R.C.P. 26(c),

IT IS HEREBY ORDERED THAT:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed that fall under the category of trade secrets and/or personnel records pursuant to the disclosure or discovery duties under the Colorado Rules of Civil Procedure.

2.    As used in this Protective Order, "document" is defined as a draft or non-identical copy is a separate document within the meaning of this term.

3.       Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and/or statutory privacy interests of Plaintiff or Defendant. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.  Information that is designated by a party as CONFIDENTIAL must first be reviewed by a lawyer and that designation as confidential must be based on a good faith belief that the information is confidential or otherwise entitled to protection.

4.       CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a)      attorneys actively working on this case;

(b)      persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)      the parties;

(d)      expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e)      the Court and its employees ("Court Personnel");

(f)      stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)      deponents, witnesses, or potential witnesses; and

(h)      other persons by written agreement of the parties.

5.      Prior to disclosing any CONFIDENTIAL information to any person listed above (other than

counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall

provide such person with a copy of this Protective Order and obtain from such person a written

acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its

provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera

review by the Court if good cause for review is demonstrated by opposing counsel. Documents are

designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere

with their legibility) the following or other appropriate notice:  "CONFIDENTIAL."

6.      Whenever a deposition involves the disclosure of CONFIDENTIAL information, the

deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the

provisions of this Protective Order. Such designation shall be made on the record during the

deposition whenever possible, but a party may designate portions of depositions as

CONFIDENTIAL after transcription, provided written notice of the designation is promptly given

to all counsel of record within thirty (30) days after notice by the court reporter of the completion

of the transcript.

7.      A party may object to the designation of particular CONFIDENTIAL information by

giving written notice to the party designating the disputed information.  The written notice shall

identify the information to which the objection is made.  If the parties cannot resolve the

objection within ten (10) business days after the time the notice is received, it shall be the

obligation of the party designating the information as CONFIDENTIAL to file an appropriate

motion requesting that the Court determine whether the disputed information should be subject

to the terms of this Protective Order.  If such a motion is timely filed, the disputed information

shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court

rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

8.      At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents.  Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

9.      This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated January 20, 2015.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

APPENDIX A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No:  1:14-cv-01522-BNB

BERTHA N. ROMERO

     Plaintiff(s),

v.

ALLSTATE FIRE & CASUALTY INSURANCE COMPANY

     Defendant(s).

**ACKNOWLEDGEMENT OF STIPULATION AND PROTECTIVE ORDER**

I, _____, acknowledge that I have read the  Stipulated Protective Order (AProtective Order@) entered by the Court on _____, in the above-entitled action. I understand the terms of the Protective Order and agree to be bound by those terms. I further agree to be subject to the jurisdiction of the United States District Court for the District of Colorado for this civil action. Prior to signing this Acknowledgment, I have had an opportunity to consult with an attorney of my choosing to discuss the terms of the Protective Order and my obligations thereunder.

     DATED: _____

By:      _____

Name: _____
         (Please print)

         _____
         Business Address