# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01522-NYW

BERTHA N. ROMERO

    Plaintiff,

v.

ALLSTATE FIRE & CASUALTY INSURANCE COMPANY

    Defendant.

---

## ORDER ON POST-TRIAL MOTIONS

Magistrate Judge Nina Y. Wang

This matter is before the court, pursuant to 28 U.S.C. § 636(c) and the Order of Reference dated August 21, 2014 [#19], on two pending post-trial motions:

(1) Motion to Alter/Amend the Judgment [#106] filed by Defendant Allstate Fire & Casualty Insurance Company ("Allstate") on October 16, 2015; and

(2) Plaintiff's Amended Motion to Modify Judgment [#107] filed by Plaintiff Bertha N. Romero ("Plaintiff" or "Ms. Romero") on October 16, 2015.

For the reasons set forth herein, Plaintiff's Amended Motion to Modify Judgment is **DENIED** and Defendant's Motion to Alter/Amend the Judgment is **GRANTED IN PART** and **DENIED IN PART.**

## BACKGROUND

This case arose from an automobile collision between Plaintiff and a third-party that occurred on November 11, 2011. [#5 at ¶ 5]. At the time, Ms. Romero was insured by Allstate,

with underinsured motorist ("UIM") coverage in the amount of $25,000. [*Id.* at ¶ 10]. After settling with the third-party's insurance company for her policy limits, Ms. Romero made a demand to Allstate for UIM coverage in the amount of $25,000. [#70 at 1]. Allstate refused to pay Ms. Romero her policy limits, the Parties were unable to reach any compromise regarding any further payment by Allstate, and Ms. Romero sued Allstate, asserting three causes of action: (1) breach of contract; (2) violation of Colo. Rev. Stat. § 10-3-1116 for unreasonable delay and denial of coverage ("statutory bad faith"); and (3) common law bad faith. [#5]. In her Prayer for Relief, Ms. Romero sought "all general damages, economic damages, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiff's claims, attorney fees and interest from the time of the occurrence, post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances." [*Id.* at 4]. Allstate removed the case to this court, based on diversity jurisdiction. [#1 at ¶ 20].

A jury trial commenced in this action on September 21, 2015. On September 23, 2015, Ms. Romero dismissed her claim for breach of contract, and proceeded to submit her claims for statutory bad faith and common law bad faith to the jury and to verdict. [#90]. The jury rendered a special verdict on September 24, 2015, as follows:

1. Plaintiff Bertha Romero proved, by a preponderance of evidence, that she suffered the following damages caused by the November 28, 2011 motor vehicle accident: $23,600 in non-economic losses and injuries (past and future); $47,836.77 in economic losses (past and future); and $0 in physical impairment, for a total of $71,436.77;

2.       Plaintiff Bertha Romero failed to prove, by a preponderance of the evidence, that Defendant Allstate Fire & Casualty Insurance Company unreasonably delayed in the payment of underinsured motorist benefits in violation of Colo. Rev. Stat. § 10-3-1116; and

3.       Plaintiff Bertha Romero failed to prove, by a preponderance of the evidence, that Defendant Allstate Fire & Casualty Insurance Company acted in common law bad faith in the handling of her claim.

[#92].

The undisputed evidence at trial demonstrated that the third-party tortfeasor's insurance carrier paid $50,000 in benefits to Plaintiff.  In addition, the undisputed evidence demonstrated that Allstate paid $5,000 in medical payment benefits in favor of Plaintiff. Therefore, the court calculated the total amount of benefits that Plaintiff may collect under her UIM coverage to be $21,436.77.  [#100].  After trial, the court further found that there was no claim upon which Plaintiff prevailed at trial to award the assessment of prejudgment interest, and there is no evidence that prejudgment interest is contemplated by the insurance policy.  [*Id.*]  Under Rule 54(b), the court then ordered that each party bear her and its own costs and fees.  An Amended Judgment was entered on September 25, 2015 to reflect the Post-Trial Order.  [#101].

Each party now seeks to amend the court's Amended Judgment in this matter.  Ms. Romero contends that she should be awarded prejudgment interest under Colo. Rev. Stat. § 13-21-101.  [#107 at 1-2].  Plaintiff further contends that she should be awarded costs ($7,814.85) associated with proving her UIM benefit amount.  [*Id.* at 2].  Allstate requests that the court amend its Judgment to offset any amount due to Plaintiff with the $5,000 of medical payments already paid to Ms. Romero; clarify that the judgment is entered in favor of Allstate with respect for the claim of statutory bad faith [#106 at 2]; and award costs in its favor under Rule 54(d) or

3

pursuant to Colo. Rev. Stat. § 13-17-202 due to Plaintiff's rejection of the prior settlement offer made in May 2014. [#106 at 6-8]. The court turns to each of these issues now.

## ANALYSIS

### I.     Plaintiff's Amended Motion to Modify Judgment

Ms. Romero contends this court should amend its judgment to provide for prejudgment interest pursuant to Colo. Rev. Stat. § 13-21-101. [#107]. Colo. Rev. Stat. § 13-21-101 instructs:

> In all actions brought to recover damages for personal injuries sustained by any person resulting from or occasioned by the tort of any other person, corporation, association, or partnership, whether by negligence or by willful intent of such other person, corporation, association, or partnership and whether such injury has resulted fatally or otherwise, it is lawful for the plaintiff in the complaint to claim interest on the damages alleged from the date said suit is filed; and, on and after July 1, 1979, it is lawful for the plaintiff in the complaint to claim interest on the damages claimed from the date the action accrued. When such interest is so claimed, it is the duty of the court **in entering judgment for the plaintiff** in such action to add to the amount of damages assessed by the verdict of the jury, or found by the court, interest on such amount calculated at the rate of nine percent per annum on actions filed on or after July 1, 1975, and at the legal rate on actions filed prior to such date, and calculated from the date such suit was filed to the date of satisfying the judgment and to include the same in said judgment as a part thereof. On actions filed on or after July 1, 1979, the calculation shall include compounding of interest annually from the date such suit was filed. On and after January 1, 1983, if a judgment for money in an action brought to recover damages for personal injuries is appealed by the judgment debtor, interest, whether prejudgment or postjudgment, shall be calculated on such sum at the rate set forth in subsections (3) and (4) of this section from the date the action accrued and shall include compounding of interest annually from the date such suit was filed.

Colo. Rev. Stat. § 13-21-101(1) (emphasis added). The plain language of the statute excludes Ms. Romero from recovering prejudgment interest for a very simple reason: there is no claim upon which the court entered judgment for her. Ms. Romero affirmatively dismissed her breach of contract claim against Allstate before the case was submitted to the jury [#90], and the jury returned no finding in her favor on the two remaining claims of statutory bad faith and common

4

law bad faith. Despite the fact that the jury determined as a factual matter that she was entitled to additional underinsured motorist coverage payments as a prerequisite to assessing whether Allstate engaged in bad faith in denying or delaying payment of benefits, this court finds no basis to award prejudgment interest on a phantom claim that was not ultimately presented to the jury.

Ms. Romero's request for costs fares no better. In a diversity case, federal law controls in regard to the assessment of costs. *Chaparral Res., Inc. v. Monsanto Co.*, 849 F.2d 1286, 1291-92 (10th Cir. 1988). Rule 54(d) provides, in pertinent part:

> Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.

Fed. R. Civ. P. 54(d)(1). Under Rule 54(d) of the Federal Rules of Civil Procedure, a court has the discretion to award costs to prevailing parties, unless a federal statute provides otherwise. Fed. R. Civ. P. 54(d); *Marx v. General Revenue Corp.*, __ U.S. ___, 133 S.Ct. 1166, 1172, 185 L.Ed.2d 242 (2013). While there is a presumption that the prevailing party will be awarded costs, the decision as to whether to award costs ultimately lies within the sound discretion of the trial court. *See Marx*, 133 S.Ct. at 1172 (observing that "the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court"). The authority governing the court's discretion recognizes that such discretion can be displaced by a federal statute or a Federal Rule of Civil Procedure that provides otherwise, but does not contemplate discretion displaced by a state statute. Fed. R. Civ. P. 54(d); *Chaparral*, 849 F.2d at 1292.

In this case, even if the court was inclined to exercise its discretion in her favor, Ms. Romero has a larger impediment to an award of costs—namely, she is not a prevailing party. As discussed above, there is no claim upon which she prevailed at trial. Having dismissed her breach of contract claim prior to submitting it to the jury, the jury made no finding as to whether

Allstate had breached the contract by failing to pay Ms. Romero additional benefits pursuant to her UIM coverage. Indeed, the Tenth Circuit has previously held that where a plaintiff voluntarily dismisses its case with prejudice prior to trial, the defendant is considered the prevailing party under Rule 54(d). *See Cantrell v. Int'l Bhd. Of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 458 (10th Cir. 1995) (en banc).

There are no other bases, such as a contractual provision, upon which Ms. Romero contends that she is entitled to prejudgment interest or costs. Accordingly, this court DENIES Plaintiff's Amended Motion to Modify Judgment.

## II.     Defendant's Motion to Alter/Amend Judgment

Allstate also seeks to alter or amend the judgment pursuant to Rule 59(e) and Rule 54(d), requesting that this court amend its judgment to allow for costs to be awarded in favor of Allstate in this matter. [#106]. In making its arguments, Allstate relies on its offer of settlement made prior to trial, and cites to Colo. Rev. Stat. § 13-17-202 as the basis for its request for costs.[1] That statute provides, in pertinent part:

> If the defendant serves an offer of settlement in writing at any time more than fourteen days before the commencement of the trial that is rejected by the plaintiff, and the plaintiff does not recover a final judgment in excess of the amount offered, then the defendant shall be awarded actual costs accruing after the offer of settlement to be paid by the plaintiff. However, as provided in section 13-16-104, if the plaintiff is the prevailing party in the action, the plaintiff's final judgment shall include the amount of the plaintiff's actual costs that accrued prior to the offer of settlement.

Colo. Rev. Stat. § 13-17-202(1)(a)(II).

---

[1] While Ms. Romero spends a significant portion of her Response to Defendant's Motion to Alter/Amend the Judgment arguing about the inapplicability of Rule 68 of the Federal Rules of Civil Procedure [#109 at 1-2], this court does not construe Allstate as arguing that it should be able to recover costs pursuant to its Rule 68 Offer of Judgment [#109-1; #106 at 8-10]. Indeed, Allstate concedes that Rule 68 does not apply in this case, where defendant has prevailed. [#106 at 9 citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981)].

Ultimately, this court finds that Allstate's arguments arising from Colo. Rev. Stat. § 13-17-202(1)(a)(II) fail for two distinct reasons. As discussed above, federal, not state, law governs the award of costs in a diversity action. While Rule 54(d) provides that the prevailing party in a matter should ordinarily be awarded costs, the Rule vests discretion within the trial court as to whether or not to award such costs. Fed. R. Civ. P. 54(d). Allstate points to no federal statute to the contrary that would divest this court of its discretion. *See Marx*, 133 S.Ct. at 1173-74. And while the court, in its discretion, could award Allstate costs consistent with the state statute, nothing within either Rule 54(d) or its interpreting case law compels this court to do so.

While a close question, this court also declines as a matter of discretion to apply Colo. Rev. Stat. § 13-17-202(1)(a)(II) in the manner that Defendant seeks. Colorado's statute is bilateral, *i.e.*, it has provisions that permit prevailing plaintiffs or defendants to recover their fees if they recover a final judgment in excess of the amount offered. Colo. Rev. Stat. § 13-17-202(1)(a)(I) and (II). The purpose of the statute is to encourage reasonable settlement offers by all parties. *See Centric-Jones Co. v. Hufnagel*, 848 P.2d 942, 947 (Colo. 1993) (en banc). However, as Ms. Romero notes, Allstate did not reference the statute in making its settlement offer to her, and given the discretionary nature of Rule 54(d), it is unclear whether Ms. Romero could or should have anticipated that Allstate would pursue costs under the Colorado statute when Allstate chose to remove this case to federal court, thus subjecting it to the Federal Rules of Civil Procedure.

Furthermore, the court, in its discretion, determined that each party should bear its own costs and fees, in recognition that despite having not prevailed on a claim at trial, the jury found that Ms. Romero had sustained losses and injuries beyond what had been compensated by the underinsured motorist and that had not been compensated by State Farm. [#93]. This court

recognizes that Allstate's offer of settlement for policy limits in May 2014 appears reasonable, particularly given the jury's ultimate conclusions. [#106-2]. But based on the record before it, including the jury's determination of the amount of damages that Ms. Romero sustained as a result of the November 28, 2011 motor vehicle accident, this court does not find that Ms. Romero's rejection of the offer was unreasonable. This is not a case in which Allstate offered the policy limits, and the jury found little to no injury. In addition, though the court cannot predict the outcome had Ms. Romero not chosen to dismiss her breach of contract claim on the eve of its submission to the jury, the verdict suggests that there was a likelihood that Ms. Romero may have prevailed on a breach of contract claim. This court determined in its discretion that the equitable outcome would be to have each party bear its own costs and fees, and accordingly, this court declines to alter or amend its judgment to award costs in favor of Allstate.

Allstate also seeks to amend the judgment to reflect that the judgment entered in favor of it and against Plaintiff on the two claims submitted to the jury. In reviewing the Amended Judgment, this court finds that it could benefit from further clarity. Therefore, the court will GRANT IN PART Defendant's Motion to Alter/Amend Judgment insofar as Defendant seeks to clarify that judgment entered in favor of Allstate and against Ms. Romero on the two causes of action that were submitted to the jury.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1) The Motion to Alter/Amend the Judgment [#106] filed by Defendant Allstate Fire & Casualty Insurance Company is **GRANTED IN PART** and **DENIED IN PART**;

(2) The Amended Motion to Modify Judgment [#107] filed by Plaintiff Bertha N. Romero is **DENIED**; and

(3) The Clerk of the Court is **DIRECTED** to enter a Second Amended Judgment that reflects all the substantive components of the Judgment [#99] and the Amended Judgment [#101].

DATED: February 4, 2016          BY THE COURT:

s/ Nina Y. Wang
Nina Y. Wang
United States Magistrate Judge