**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-01522-NYW

BERTHA N. ROMERO,

    Plaintiff,

    v.

ALLSTATE FIRE & CASUALTY INSURANCE COMPANY

    Defendant.

---

**ORDER ON MOTION FOR FINDING OF FACT AND CONCLUSION OF LAW
REGARDING THE SETOFF OF MEDICAL PAYMENT BENEFITS**

---

Magistrate Judge Nina Y. Wang

    This matter is before the court, pursuant to 28 U.S.C. § 636(c) and the Order of Reference dated August 21, 2014 [#19], on Defendant Allstate Fire & Casualty Insurance Company's Motion for Finding of Fact and Conclusion of Law Regarding the Setoff of Medical Payment Benefits ("Motion for Set Off") [#113, filed February 18, 2016]. In its Motion for Set Off, Defendant Allstate Fire & Casualty Insurance Company ("Allstate" or "Defendant") requests that the court clarify whether its Second Amended Final Judgment accounted for a set-off for the medical payment ("med-pay") benefits in the amount of $5,000 provided by Allstate to Plaintiff Bertha N. Romero ("Plaintiff" or "Ms. Romero"), and further amend the Final Judgment in this case to reduce Ms. Romero's award by $5,000.00. Ms. Romero objects, arguing that the jury awarded Ms. Romero $47,836.77, without any indication as to how that number was attributable to payment of her medical payments. [#114]. As a result, Ms. Romero contends, the court's

Order on Post-Trial Motions [#111] and the Second Amended Final Judgment [#112] should stand.

## ANALYSIS

The background of this case has been described in detail in various court orders, including the court's Order on Post-Trial Motions [#111].  The undisputed evidence at trial demonstrated that the third-party tortfeasor's insurance carrier paid $50,000.00 in benefits to Plaintiff.  In addition, the undisputed evidence demonstrated that Allstate paid $5,000.00 in medical payment benefits in favor of Plaintiff. Therefore, the court calculated the total amount of benefits that Plaintiff may collect under her UIM coverage to be $21,436.77.  [#100].

As noted by Plaintiff, the jury in this case awarded her $47,836.77 in economic losses (past and future).  [#92].  Nothing within the Special Verdict Form indicates how the jury allocated the economic losses, *e.g.*, whether the jury attributed that amount to medical expenses or lost wages.  [*Id.*].  Nor is there any way to discern from the jury verdict form how the jury allocated the award between past and future economic damages.  [*Id.*].  There is no indication of what part, if any, of the economic damages award is attributable to past medical expenses.  [*Id.*].

Furthermore, in its Motion to Alter/Amend Judgment [#106], Allstate never presented any argument or evidence to support its request that the court amend its judgment to set off the $5,000.00 paid by Allstate for medical payment benefits.  *See* [#106].  While Allstate argued in its Trial Brief that it was entitled to set off the medical payment benefits previously paid so as to prevent double recovery for the same damages [#70 at 11-12], it identified no evidence from the record that would support a conclusion that the jury's economic damage award is duplicative of the medical expenses paid as part of the medical payment benefits.  In addition, Allstate's argument relies upon language from the insurance policy at issue, [*id.*], which was not subject to

any testimony at trial and was not admitted into evidence at trial.  *Compare* [#91-1] *with* [#78].

Finally, the case of *Calderon v. American Family Mut. Ins. Co.*, --- P. 3d ----, 2014 WL 2149652 (Colo. App. May 22, 2014), does not compel a different result.[1]

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1) The Motion for Finding of Fact and Conclusion of Law Regarding the Setoff of Medical Benefits [#113] is **GRANTED IN PART and DENIED IN PART**;

(2) The court's findings of fact and conclusions of law are set forth above; and

(3) All other relief sought by Defendant Allstate Fire & Casualty Insurance Company **IS DENIED**.

DATED:  April 19, 2016                              BY THE COURT:

s/ Nina Y. Wang
Nina Y. Wang
United States Magistrate Judge

---

[1] The issue of whether an insurer may reduce its payment to an insured for an underinsured motorist claim by payments made to the insured under the insured's medical payment coverage is yet to be resolved by the Colorado Supreme Court.  *See Calderon v. American Family Mut. Ins. Co.*, No. 14SC494, 2015 WL 3956029 (June 29, 2015).